EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ENRIQUE VELA y CELESTINO MARTÍNEZ, acusados y apelantes.

No. 4072.—*Sometido:* Marzo 5, 1930. *Resuelto:* Marzo 27, 1930.

*R. Cuevas Zequeira* y *H. B. Llenza,* abogados de los apelantes; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Enrique Vela y Celestino Martínez apelan de una sentencia que condena a cada uno de ellos a pagar una multa de treinta dólares.

El testigo Quintín Santana declaró en el juicio, sin objeción, que el día a que se refiere la denuncia vió a Celestino Martínez en el puesto de leche de Enrique Vela y que Martínez le manifestó que era de Enrique Vela; y el otro testigo, Luis Lebrón, dijo que estuvo en el puesto de leche de Enrique Vela, que así lo decía la licencia. Llamado nuevamente a declarar Quintín Santana por el fiscal le preguntó por qué decía que el depósito de leche es de Enrique Vela y contestó que porque estaba colgada en la pared la licencia del puesto de leche a nombre de Enrique Vela, firmada por el inspector-

médico del distrito, Dr. Silva. La defensa solicitó que esa declaración fuese eliminada porque el testigo no puede decir por quién estaba firmada la licencia si no se llenaban ciertos requisitos para identificar la firma de una persona pero la corte permitió que el testigo siguiera contestando, y al decir que era una licencia oficial solicitó la defensa de los acusados que esa contestación fuese eliminada porque se trata del contexto de una certificación que debe presentarse en su totalidad y la córte no accedió a esa petición. En la prueba de descargo declaró el acusado Enrique Vela diciendo que no estaba presente cuando fué tomada la leche; que trabaja en el municipio; que no atiende personalmente a ese puesto; que Celestino Martínez le notificó que la muestra de leche tomada por la Sanidad resultó adulterada y que él inmediatamente llevó la otra muestra a un químico.

En esta apelación alegan los recurrentes que hubo error en la admisión de la declaración del testigo Quintín Santana en cuanto a que el puesto de leche pertenecía a Enrique Vela por haber visto la licencia en la pared, porque la mejor prueba era la licencia original expedida y en su defecto copia de ella; pero admitiendo que ese motivo de error esté bien fundado, siempre resulta que en este caso no hubo error perjudicial para los apelantes, pues aparte de que permitieron al principio del juicio que dos testigos declarasen que el puesto de leche era de Enrique Vela y que habían visto allí su licencia, estos testimonios, unidos a las manifestaciones que Enrique Vela hizo en el juicio, prueban que el puesto de leche era de él.

El segundo motivo del recurso se funda en que a los apelantes no se les dió oportunidad para que un perito suyo hiciera el examen de la leche que se dice adulterada.

El 14 de mayo de 1929 fué tomada la muestra de la leche quedando parte de ella en poder de los acusados en un frasco cerrado, lacrado y sellado. El análisis de la leche por el perito del gobierno fué terminado el 28 del mismo mes y dos

o tres días después (el 30 ó 31 de mayo) fué notificado al acusado Martínez quien el mismo día lo puso en conocimiento de Enrique Vela. Este fué el 5 de junio donde el químico Sr. Pesquera para que examinase la muestra que fué dejada en el puesto de leche pero no pudo hacer ese trabajo porque ya estaba cortada la leche de esa muestra, y según el Sr. Pesquera y el perito del gobierno tal examen no puede ser hecho después de 21 días de ser tomada la muestra. En tales circunstancias no pueden quejarse los apelantes de no haber tenido oportunidad de que un perito suyo hiciera el análisis de la leche porque en 31 de mayo quedaban a los apelantes cuatro días para que pudiera ser hecho el análisis de la muestra que tenían en su poder y culpa suya fué no acudir al Sr. Pesquera hasta el 5 de junio en cuya fecha expiraban los 21 días dentro de los cuales tal análisis pudo ser hecho.

*Por lo expuesto la sentencia apelada debe ser confirmada.*